IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *
                               *
       v.                     *      **CRIMINAL NO. TDC-18-0012**
                               *
MARK T. LAMBERT,           *
                               *
     Defendant.         *
                         *******

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS
PROPOSED JURY INSTRUCTION REGARDING SOLICITATION OF A BRIBE**

The Defendant's memorandum in support of an instruction permitting the jury to consider threats of serious economic loss when deciding whether the Defendant acted corruptly and willfully suffers from one primary flaw: it relies on case law outside of the Foreign Corrupt Practices Act (FCPA) context. Non-FCPA decisions addressing the relevance of "economic extortion" in bribery cases are not particularly helpful in light of Congress's explicit instruction that only "true extortion"—such as the threat of dynamiting an oil rig—can negate the "corrupt" element of the FCPA. S. Rep. No. 95-114, at 10–11 (1977), *reprinted in* 1977 U.S.C.C.A.N. 4098, 4108. Commentators have therefore recognized that, regardless of the substantive merits of an "economic extortion" defense in bribery cases generally, such a defense "does not appear to exist in FCPA jurisprudence." Bruce W. Klaw, *A New Strategy for Preventing Bribery and Extortion in International Business Transactions*, 49 HARV. J. ON LEGIS. 303, 332 (Summer 2012).

*United States v. Alfisi*, 308 F.3d 144 (2d Cir. 2002), cited by the Defendant, involved 18 U.S.C. § 201; the court therefore had no occasion to contend with the FCPA's legislative history. In any event, *Alfisi* does not support the Defendant's position. It was the *dissenting* judge in *Alfisi* who opined that economic extortion should negate the corrupt element of the domestic

bribery statute.  *Id*. at 154-58 (Sack, C.J., dissenting).  The majority opinion *rejected* the argument that one does not act "corruptly" for purposes of the bribery statute when he pays an official to induce the official to perform his job faithfully.  *Id*. at 150-51.  In doing so, the majority simply noted that, in the context of 18 U.S.C. § 201, any risk that "marginally culpable conduct by those facing insistent extortionists will be criminalized" can be mitigated by an "economic coercion defense."  *Id*. at 151.  The *Alfisi* majority did not analyze whether an economic extortion instruction is required in bribery cases, let alone in FCPA cases.  *See* Klaw, *supra*, at 332 (noting that the *Alfisi* majority relied on the availability of an economic coercion defense to minimize the risk of overinclusion in the domestic bribery statute, but, "notably, [such a defense] *does not appear to exist in FCPA jurisprudence*") (emphasis added); *id*. at 333 ("The third reason that unwilling bribe-givers have been subject to enforcement action under the FCPA is that economic extortion *is not an available defense*.  Thus, while one will not be held liable for a payment made in response to a threat to destroy property or inflict serious bodily injury or death, a payment made in response to a threat of economic loss is still criminally culpable.") (emphasis added).

Moreover, contrary to the Defendant's assertion (at 3), the district court in *United States v. Kozeny*, 582 F. Supp. 2d 535, 540 (S.D.N.Y. 2008), *aff'd*, 667 F.3d 122 (2d Cir. 2011), did not cite *Alfisi* for the proposition that economic coercion must be considered by the jury in assessing whether a defendant had the requisite intent for bribery.  The *Kozeny* court cited *Alfisi* for the proposition that instructing the jury on the meaning of "corruptly" and emphasizing the intent element of the statute are sufficient to address any issue of extortion.  *See Kozeny*, 582 F. Supp. 2d at 540 ("In any event, the jury will be instructed regarding the 'corrupt' intent that the

Government must prove he possessed beyond a reasonable doubt . . . .").[1]

The Defendant's second argument is equally unavailing.  That the government charged Vadim Mikerin with conspiracy to commit Hobbs Act extortion has no bearing on the availability of an economic extortion defense under the FCPA.  Hobbs Act extortion includes threats of economic harm, *see United States v. Hairston*, 46 F.3d 361, 365 (4th Cir. 1995); *United States v. Billups*, 692 F.2d 320, 330 (4th Cir. 1982), and therefore the government's charge in no way constitutes a concession that "true extortion" (that is, threats of physical harm or property damage) occurred.  So a bribe demander could be charged with economic extortion, but the question would nonetheless remain whether economic extortion negates the "corruptly" element for a bribe giver charged under the FCPA.  As noted above, Congress answered that question in the negative.

In the end, to the government's knowledge, only two federal decisions—*Kozeny* and *Kay*—have addressed the defense of economic extortion under the FCPA.  *Kozeny* is the more recent decision, the decision that addresses and adheres to Congressional intent, and the decision that has been followed by other courts.  This Court should therefore adopt the government's proposed jury instruction no. 54.

---

[1] The Defendant does not explain why, if *Alfisi* says what he claims it says, and if the *Kozeny* court relied "favorably" on *Alfisi*, the *Kozeny* court declined to give an economic extortion instruction.

Respectfully submitted,

ROBERT K. HUR
United States Attorney


_____/s/_____

David I. Salem
Assistant United States Attorney


ROBERT A. ZINK
Chief, Fraud Section
Criminal Division, Department of Justice


_____/s/_____

Vanessa Sisti, Assistant Chief
Derek J. Ettinger, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Ave., NW
Washington, DC 20005
vanessa.sisti@usdoj.gov
derek.ettinger@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify on November 6, 2019, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System, which will electronically serve the foregoing document on the following parties, who are registered CM/ECF users:

> **William M. Sullivan, Jr., Esq.**
> **Thomas C. Hill, Esq.**
> **Fabio Leonardi, Esq.**
> Pillsbury Winthrop Shaw Pittman LLP
> 1200 Seventeenth Street, NW
> Washington, DC 20036

_____/s/_____
David I. Salem
Assistant United States Attorney
