IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-18-0012 |
| | * | |
| MARK T. LAMBERT, | * | |
| | * | |
| Defendant. | * | |

*******

## GOVERNMENT'S MOTION FOR ALLEN CHARGE

Comes now the United States, by and through undersigned counsel, and respectfully asks this Court to provide an *Allen* charge, assuming the jury in the above-captioned case indicates in its second note that it is still deadlocked.[1]

"[I]t is 'the goal of every party and every judge' that the "jury will be able to reach unanimous verdicts and conclude the case." *United States v. Farrell,* 921 F3d 116, 146 (4th Cir. 2019). An "Allen charge" — so-called for its origins in the Supreme Court's nineteenth century decision in *Allen v. United States*, 164 U.S. 492 (1896) — is "a supplemental instruction given by a trial court when the jury has reached an impasse in its deliberations and is unable to reach a consensus." *See United States v. Cornell*, 780 F.3d 616, 625 (4th Cir. 2015). Typically, an *Allen* charge advises "deadlocked jurors to have deference to each other's views, [and] that they should listen, with a disposition to be convinced, to each other's argument." *See United States v. Seeright*, 978 F.2d 842, 845 n.* (4th Cir. 1992) (quoting Black's Law Dictionary 74 (6th ed. 1990)). The Fourth Circuit has always emphasized that an *Allen* charge must be "fair, neutral[,] and balanced." *Cornell*, 780 F.3d at 625. It must not "coerce one side or the other" of a divided jury "into

---

[1] The Court on November 18 instructed the jury to keep working after the jury indicated for the first time that it could not reach a unanimous verdict.

changing its position for the sake of unanimity." *United States v. Burg*os, 55 F.3d 933, 941 (4th Cir. 1995).  The Fourth Circuit has not limited the *Allen* charge to cases where instructions were given orally, but not in writing, and the case cited by Defendant is outdated. *See Farrell*, 921 F3d at 133 ("the trial court instructed the jury in oral and written form").

The proposed instruction, attached hereto, comports with the case law of this Circuit, *see United States v. Martin*, 756 F.2d 323, 325 (4th Cir.1985) (en banc) (including as part of Allen charge that "if you are in the minority on the Jury, listen to the views of the majority; and if you're on the majority on the Jury, you listen to the views of the minority").  As

Accordingly, the Government recommends the attached instruction be given, as necessary.

Respectfully submitted,

ROBERT K. HUR
United States Attorney


_____/s/_____
David I. Salem
Assistant United States Attorney


ROBERT A. ZINK
Chief, Fraud Section
Criminal Division, Department of Justice


_____/s/_____
Vanessa Sisti, Assistant Chief
Derek J. Ettinger, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Ave., NW
Washington, DC 20005
vanessa.sisti@usdoj.gov
derek.ettinger@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. TDC-18-0012** |
| | * | |
| **MARK LAMBERT** | * | |
| | * | |
| | * | |
| | * | |
| | ******* | |

**INSTRUCTIONS TO DEADLOCKED JURY**

Members of the jury, I am going to ask you to continue your deliberations. Before you return to the jury room, however, I want to encourage you to reach a unanimous verdict in this case if possible.

This trial, like all criminal trials, has required a certain amount of time, money, and other resources. Should you fail to reach a verdict, this case may have to be tried again. Obviously, a new trial will require additional time, money, and resources.

There is no reason to believe that any future trial will produce clearer or better evidence, and certainly no reason to believe that a better or more decisive jury could or would be chosen. Specifically, it is unlikely that a jury of twelve men and women could be assembled who are more conscientious, more impartial, or more competent than the twelve of you.

By encouraging you to reach a unanimous verdict if possible, I do not intend to force any of you to abandon clearly held views or convictions. Nor should you conclude that I care or have any opinion about what that verdict should be.

I do encourage you, however, to keep an open mind about what the evidence in this case has or has not proven.

If at this point you find yourself in the minority, please listen and carefully consider the views of the majority. If you find yourself in the majority, please listen and carefully consider the views of the minority.

Whether you are in the majority or minority--and whether the jury is leaning toward acquittal or toward conviction--you should all keep in mind the value of a unanimous verdict in this case.

Remember at all times that no juror is expected to give up a conscientious conviction he or she may have regarding a defendant's guilt or innocence. But remember also that it is your duty to agree upon a unanimous verdict if you can do so without surrendering any such conviction.

Of course, these comments are not to be considered in isolation; they are to be applied in conjunction with all the instructions you have received. If you have questions about these comments or about any other instruction you have been given, you should have foreperson write a note and communicate with me in the usual manner.

I will now ask that you return to the jury room to resume your deliberations.

## **CERTIFICATE OF SERVICE**

I hereby certify on November 19, 2019, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System, which will electronically serve the foregoing document on the following parties, who are registered CM/ECF users:

> **William M. Sullivan, Jr., Esq.**
> **Thomas C. Hill, Esq.**
> **Fabio Leonardi, Esq.**
> Pillsbury Winthrop Shaw Pittman LLP
> 1200 Seventeenth Street, NW
> Washington, DC 20036

                              /s/
                              David I. Salem
                              Assistant United States Attorney